**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Picard Losier and Sharon Losier | **DEFENDANTS** Terry P. Dershaw, Esquire |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) James McGarrity Law Office of James McGarrity 1500 JFK Boulevard Suite 405 Philadelphia, PA 19102 (215) 564-1951  Fax: (215) 568-0220 | **ATTORNEYS** (If Known) Edward J. DiDonato, Esquire Fox Rothchild, LLP. 2000 Market Street, 20th Floor Philadelphia, PA. 19103 |
| **PARTY** (Check One Box Only) [ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin [ ] Creditor    [☒] Other (Equitable Owner) [ ] Trustee | **PARTY** (Check One Box Only) [ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin [ ] Creditor    [ ] Other [☒] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

Declare that Debtors has no interest in subject real property which confirms Debtors and Plaintiff's position.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ **1** ]  11-Recovery of money/property - §542 turnover of property
[ ]  12-Recovery of money/property - §547 preference
[ ]  13-Recovery of money/property - §548 fraudulent transfer
[ ]  14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ]  21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ]  31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ]  41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ]  51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ]  66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ]  62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ]  67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ]  61-Dischargeability - §523(a)(5), domestic support
[ ]  68-Dischargeability - §523(a)(6), willful and malicious injury
[ ]  63-Dischargeability - §523(a)(8), student loan
[ ]  64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ]  65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ]  71-Injunctive relief - imposition of stay
[ ]  72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ]  81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ **2** ]  91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ]  01-Determination of removed claim or cause

**Other**
[ ]  SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ]  02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [☒] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought   Declaratory judgment – trustee to sign deed | |

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR<br>**Lamar Terence Graham and Adrian Chanell Graham** || BANKRUPTCY CASE NO.<br>15-13382-amc |
| DISTRICT IN WHICH CASE IS PENDING<br>**Eastern District of Pennsylvania** | DIVISION OFFICE | NAME OF JUDGE<br>Ashely Chan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ James McGarrity<br><br>James McGarrity |||
| DATE<br>**April 24, 2016** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**James McGarrity** ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>LAMAR GRAHAM AND ADRIAN GRAHAM<br><br>                                  Debtors<br>_____<br><br>Picard Losier and Sharon Losier h/w<br>6405 North 7th Street<br>Philadelphia, PA. 19126<br>                                  Plaintiffs<br><br>v.<br><br>Terry P. Dershaw, Esquire.<br>PO Box 556<br>Warminster, PA. 18974-0632<br>                                  Defendant<br><br>And<br><br>Lamar T. Graham and Adrian C. Graham<br>3313 Brookview Place<br>Elkins Park, PA. 19027<br>                                  Debtors<br>And<br><br>School District of Cheltenham Township<br>Township of Cheltenham<br>8230 Old York Road<br>Elkins Park, PA. 19027<br>                                  Interested Party<br><br>And<br><br>Wells Fargo Bank, NA.<br>Loan Servicing Center<br>MAC B6955-01B<br>PO Box 31557<br>Billings, MT. 59107-9900<br>                                  Interested Party<br>And<br><br> Northeast Revenue Service, LLC.<br>15 Public Square<br>Suite 202<br>Wilksbarre, PA. 18701<br>                                  Interested Party | CHAPTER 7<br><br>CASE NO. 15-13382 |

And

Montgomery County Tax Claim Bureau
One Montgomery Plaza
Suite 810
Norristown, PA. 19401
                Interested Party

## ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT
## TO DETERMINE LIENS AND OWNERSHIP INTEREST IN 206 BARCLAY CIRCLE CHELTENHAM, PA.

      Picard Losier and Sharon Losier, husband and wife, by their attorney James McGarrity, respectfully requests this court to recognize their sole ownership interest in 206 Barclay Circle subject to the tax liens of Cheltenham Township and the mortgage lien of Wells Fargo Bank, NA. and declare that the property is not property of the debtors' estate, and in support thereof states as follows:

### JURSIDICATION AND VENUE

      1.     The Adversary Proceeding is brought pursuant to Bankruptcy Rule 7001 (2) and (a) seeking an order, judgment and decree from this Court determining the validity, priority, and extent of any liens, claims, encumbrances, and interests, including any interest of Picard Losier, Sharon Losier, Cheltenham Township, Wells Fargo Bank NA, the Debtors and the Debtors Estate in the real property known as 206 Barclay Circle, Cheltenham Township, Montgomery County.

      2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1334(b). Subject matter jurisdiction exists pursuant 28 U.S.C. §157(b)(2)(k) as a case under title 11 and a core proceedings arising under title 11, or arising or related to a case under title 11 in accordance with 28 U.S.C. §157(b)(2).

      3.     Venue of the case in this district is proper pursuant to 28 U.S.C. §1408 and 1409.

### PARTIES

      4.     Picard Losier and Sharon Losier are adult individuals and husband and wife residing at 6405North Seventh Street, Philadelphia, PA. 19126-8816.

      5.     Terry P. Dershaw, Esquire was appointed as trustee . in the chapter 7 case.

      6.     Lamar T. Graham and Adrian C. Graham are the debtors in this chapter 7.

      7.     The School District and the Township of Cheltenham are interested parties that have post 2012 tax liens on the property at 206 Barclay Circle which the debtors schedule at in excess of $25,000.00.

8. Wells Fargo Bank, NA. is an interested party that has commenced foreclosure proceedings on the Barclay Circle property.

9. The Montgomery County Tax Claim Bureau is a Department of the County of Montgomery, a political subdivision.

10. Northeast Revenue Services, LLC was the Agent for the Tax Claim Bureau charged with conducting the sale of the property at 206 Barclay Circle and transferring ownership from Picard Losier to Adrian Blanding.

## PROCEDURAL BACKGROUND

11. On May 12, 2015 the Debtors filed a Voluntary case under chapter 7 at 15-13382.

12. The Debtors scheduled the property at 206 Barclay Circle in Cheltenham on schedule with the following description:

> 206 Barclay Circle Cheltenham, PA. 19012 – to be surrendered (property was purchased at sale 9/2012 for $25k and has been subject of litigation by former owner)

13. No exemption was claimed by the Debtors for any interest in the property on schedule 'C'.

14. On May 13, 2015 Terry P. Dershaw, Esquire was appointed as trustee.

15. On August 12, 2015, the rescheduled 341 Meeting was held.

16. On August 13, 2015 a Trustee's Report No Distribution was filed showing the property as abandoned.

17. On the same date, the trustee filed a Praecipe to Withdraw the Report.

18. The Trustee sought and received permission to employ counsel and a realtor.

19. On October 30, 2015, the Trustee filed a Notice of Change from No-Asset to an Asset case.

20. On November 20, 2015 the Debtors filed an Amended schedule "C" to claim an exemption for the real estate.

21. On December 10, 2015 the Debtors received Discharge.

22. On February 24, 2016, the Trustee filed a Motion to Sell Property Free and Clear of Liens.

23. The Plaintiff herein and the Cheltenham Creditors opposed the Motion and the Motion is pending.

## FACTUAL BACKGROUND

24. Picard Losier purchased the property at 206 Barclay Circle in Cheltenham in about 1988 and used it as his primary residence.

25. Picard Losier and Sharon Losier were married and took out a mortgage and home equity loan which is now being serviced by Wells Fargo Bank.

26. In September, 2012 the property had a fair market value in excess of $300,000.00.

27. The Losiers moved to Philadelphia at 6405 North 7th Street and Picard Losier continued to occupy the Barclay Circle property and it remained fully furnished.

28. On September 27, 2012, the Tax Claim Bureau, by its Agent Northeaster Revenue Services, exposed the property to sale with an upset price of $1,718.58 for unpaid taxes.

29. Adrian Blanding, one of the debtors, was the successful bidder at $19,097.21. A copy of the sale notes filed with the prothonotary is attached as Exhibit "A".

30. Ms. Blanding paid $25,414.17, which included the transfer taxes on the FMV of $312,597.60 and received a deed. A copy of the deed is attached as exhibit "B".

31. On or about May 5, 2013, Losier discovered that the locks had been changed and that the property was sold at Sheriff's Sale.

32. The Losiers were not legally ejected from the property and continued to occupy it until May 2013, paying the mortgages, utilities and expenses, completely unaware of the sale until that time.

33. On May 30, 2013, Sharon Losier filed a Complaint with Picard Losier as plaintiff in Montgomery County against Ms. Blanding, the tax claim bureau and its Agent Northeast Revenue to set aside the sale.

34. Litigation continued as Ms. Blanding and Northeast, on behalf of the tax claim bureau, filed Answers to the Amended Complaint. A copy of the Losiers Second Amended Complaint is attached hereto, made part hereof and marked exhibit "C". A copy of the Blanding Answer is attached as Exhibit "D". A copy of the Northeast Answer is attached as Exhibit "E".

35. In April 2015, before her bankruptcy, the property was offered to Picard Losier, and Ms. Blanding's counsel filed leave to withdraw. The property was not transferred.

36. Northeast Revenue claimed in its pleadings that the Losiers received proper Notice and provided a Tax Claim Bureau form that indicated certified mail was used, personal service was not attempted, and contained an "affidavit" for posting. A copy of the form is attached as exhibit "F". A copy of the certified mail envelope returned to Northeast is attached as exhibit "G".

37. Neither Ms. Blanding, nor, more significantly, Northeast Revenue, claimed that lienholders such as Wells Fargo were served with Notice or was any proof of notice provided.

38. Wells Fargo Bank, NA. commenced preliminary foreclosure proceedings against the Losiers in December, 2015 which may infer that Wells Fargo did not receive notice of a sale that would extinguish a $100,000.00+ lien for nonpayment of $1,718.58 in back taxes. A copy of the Act 91 Notice is attached hereto as exhibit "H".

39. A copy of the only prothonotary filed Notice by Northeast titled "Sale Ad Copy for 31 Cheltenham Township" showing the subject property as one of the few properties sold in the township attached is as exhibit "I".

40. The Montgomery County Tax Claim Bureau (Bureau), by its agent Northeast Revenue, did not comply with multiple provisions of the Real Estate Tax Sale Law (Law) or due process.

41. "The forfeiture of a person's property rights for failure to pay taxes is a momentous event under the Pennsylvania and United States Constitutions." Stanford-Gale v. Tax Claim Bureau of Susquehanna County, 816 A.2d 1214, 1216 (Pa. Cmwlth. 2003).

42. The General Assembly established detailed notice provisions within the Law in order to guard against the deprivation of property without due process. Donofrio v. Northampton County Tax Claim Bureau, 811 A.2d 1120, 1122 (Pa. Cmwlth. 2002).

43. Because tax claim bureaus have a constitutional duty to provide notice prior to a tax sale, tax claim bureaus bear the burden of showing strict compliance with the notice provisions of the Law

44. The court's inquiry focuses "not on the alleged neglect of the owner, which is often present in some degree, but on whether the activities of the Bureau comply with the requirements of the [Law]." Smith v. Tax Claim Bureau of Pike County, 834 A.2d 1247, 1251 (Pa. Cmwlth. 2003).

45. The notice requirements of the Law relevant to this case are Section 601(a)(3) (72 P.S. § 5860. 601(a)(3) ) of the Law, which requires the Tax Claim Bureau to personally serve owner occupied property owners with written notice of a tax sale, and Section 602 of the Law, 72 P.S. § 5860.602, which requires three different forms of notice to property owners prior to an upset tax sale: publication, posting, and mail.

46. There is no dispute in this matter that the Barclay Circle property was owner occupied at the time of the 2012 sale. The law does not require it to be the primary residence.

47. Section 601 (a)(3) of the Law Provides:
> No owner-occupied property may be sold unless the bureau has given the owner occupant written notice of such a sale at least ten (10) days prior to the date of actual sale by personal service by the sheriff or his deputy or person deputized by the sheriff for this purpose…

> And further provides that: If such personal notice cannot be served within twenty-five (25) days of the request by the bureau to make such personal service, the bureau may petition the court of common pleas to waive the requirement of personal notice for good cause shown.

48.     The Answer filed by Northeast for the Bureau makes it clear that nothing was filed in the court of common pleas other than the small notice on exhibit "A".

49.     And the document provided by Northeast in the pleadings makes it clear that personal service was not made and not even attempted.

50.     The "Affidavit for Personal Service" form, which is in the center section of Exhibit "F", is crossed out.

51.     For whatever reason, the delegated agent of the bureau failed to even attempt personal service, perhaps because of a false assumption that the property was not owner occupied.

52.     The failure to serve or seek a waiver is a fatal defect in the notice of requirements of the law.

54.     The notice required by Section 602 was also defective.

55.     The certified mail requirement of the section was met by sending the certified mail as indicated on the top of the Bureau from attached as exhibit "F", but the mailing was returned marked "return to sender" "unclaimed" and "unable to forward" A copy of the returned envelope was provided in the Answer to Northeast and attached hereto as exhibit "G".

56.     In an Opinion fled on January 21, 2016 the Commonwealth Court recognized the additional notice requirements for property such as the Losiers. "We have said that, '[b]y enacting [S]ection 601[(a)(3)], the [General Assembly] expressed desire to provide a qualitatively different type of notice to an owner occupant and afford such owner with increased protection by way of additional notice." Famageltto v. County of Erie Tax Claim Bureau and Perry Properties, Inc., No. 1271(C.D. 2014).

57.     The notice required under Section 602 was also defective.

58.     Section 602 a(a) of the Law, which provides, in relevant part:

(e) In addition to such publications, similar notice of the same shall also be given by the bureau as follows:

(1)     At least thirty (3) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

(2)     If return receipt is not received from each owner pursuant to the provisions of clause (1), then at least ten (10) days before the date of the sale, **similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing**, at his last known post office address…(emphasis added)

60. The "proof of mailing" requirement of the law was held by the Pennsylvania Supreme Court to require some document or acknowledgement from the postal authority. <u>Horton v. Washington County Tax Claim Bureau</u> (81 A 3d 883 PA 2013)

61. Here, Northeast did not even plead that the required regular mail notice was sent let alone produce the required USPS documentation, which is another fatal flaw.

62. The Bureau is required to document the efforts made and the results thereof for service. In Re: <u>2013 Perry County Tax Claim Bureau Sale</u>, No. 668(C.D. 2014).

63. And as if going for the trifecta in missed notice requirements under the law, Northeast botched a third notice requirement, posting.

64. The "Affidavit for Posting Premises" is contained on the Bureau's document attached as exhibit "F".

65. The document states, incredibly, that "…I personally posted a copy of the Notice, as shown above, on Losier Picard at as above in the municipality of same…"

66. The document was not posted upon the tax payer and it is respectfully submitted that the proper response should have been where the notice was posted, ie. Front door, tree, garage door, etc.

67. The Bureau delegated its responsibility to a "for- profit" company, Northeast Revenue, rather than having the sheriff do the work.

68. Since two addresses are given for Mr. Losier on the form and a third address is given for the bureau, it is hard to determine where the notice was even posted, making it impossible for the Bureau to meet its burden of proving compliance with the law.

69. An actual and genuine controversy exists as to whether Debtors' estate has an interest in the property superior to the Losiers and whether the property is property of the estate under section 541 of the Bankruptcy Code.

70. Pursuant to 28 U.S.C. § 2201, the Plaintiffs requests the court to declare the rights and legal relations of the parties and interested parties to the property at 206 Barclay Circle, Cheltenham Township, Pennsylvania, and to authorize the Trustee to transfer the property to the Losiers subject to the liens. Tax and mortgage liens plus any other relief to which they are entitled.

                                                Respectfully submitted,

                                                /s/ James McGarrity
                                                James McGarrity